# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

*In re* **K.L.**

**No. 18-0285** (Kanawha County 17-JA-100)

**FILED**

**October 12, 2018**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Mother N.W., by counsel Edward L. Bullman, appeals the Circuit Court of Kanawha County's March 8, 2018, order terminating her parental rights to K.L.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel S.L. Evans, filed a response in support of the circuit court's order. The guardian ad litem ("guardian"), Bryan B. Escue, filed a response on behalf of the child in support of the circuit court's order. On appeal, petitioner argues that the circuit court erred in terminating her parental rights.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

On February 22, 2017, the DHHR filed an abuse and neglect petition against petitioner alleging that her parental rights to three older children were terminated in 2006. Also, K.L. was the subject of a prior abuse and neglect proceeding, but the matter was dismissed in 2008 following petitioner's completion of an improvement period. The DHHR further alleged that K.L. was believed to be abused and neglected because she had missed fifty-nine days of school and changed schools seven times within three years. Additionally, drug paraphernalia was found in several places in the home. The DHHR also alleged that petitioner had a history of substance abuse and domestic violence. Petitioner waived her preliminary hearing. On May 18, 2017, the circuit court held an adjudicatory hearing at which petitioner stipulated to the allegations of abuse and neglect. Petitioner was adjudicated as an abusing parent and was ordered to participate in a substance abuse evaluation and follow the resulting recommendations.

On September 12, 2017, the circuit court held a dispositional hearing. Petitioner did not appear in person, but was represented by counsel. The DHHR presented testimony that petitioner

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W.Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W.Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W.Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W.Va. 641, 398 S.E.2d 123 (1990).

tested positive on multiple drug screens and stopped appearing for drug screens in May of 2017, and that she failed to obtain proper housing, despite the DHHR's assistance. Petitioner also failed to attend parenting classes and did not contact any service providers for over a month prior to the dispositional hearing. Following the testimony and the parties' arguments, the circuit court noted that petitioner was "not motivated to do anything as far as trying to be [a] parent[ ]." The circuit court found no reasonable likelihood that petitioner could substantially correct the conditions of abuse and neglect in the near future and that termination of her parental rights was in the child's best interests. Ultimately, the circuit court terminated petitioner's parental rights in its March 8, 2018, order.[2] It is from this order that petitioner appeals.

The Court has previously established the following standard of review:

> "Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011). Upon our review, this Court finds no error in the proceedings below.

On appeal, petitioner argues that the circuit court erred in terminating her parental rights. In support, petitioner blames "economic factors" for her failure to correct the conditions of abuse and neglect. Petitioner further argues that she should have been granted an improvement period because she successfully completed an improvement period in the past. We do not find these arguments persuasive. Pursuant to West Virginia Code § 49-4-604(b)(7)(c), the DHHR was not required to make reasonable efforts to preserve petitioner's family because her parental rights to three other children were terminated in 2006. While the DHHR was not required to provide services, petitioner was offered parenting classes, assistance to obtain housing, and a substance abuse evaluation in the instant proceedings and failed to take advantage of those services.

Further, West Virginia Code § 49-4-604(b)(6) provides that circuit courts are to terminate parental rights upon findings that there is "no reasonable likelihood that the conditions of neglect or abuse can be substantially corrected in the near future" and that termination is necessary for the children's welfare. West Virginia Code § 49-4-604(c)(3) provides that no reasonable

---

[2]The child's father's parental rights were also terminated. According to the respondents, the permanency plan for the child is adoption in her current foster home.

likelihood that the conditions of abuse or neglect can be substantially corrected exists when the parent has not "responded to or followed through with a reasonable family case plan or other rehabilitative efforts . . . or other rehabilitative agencies designed to reduce or prevent the abuse or neglect of the child."

Following the adjudicatory hearing, petitioner was ordered to participate in a substance abuse evaluation and to follow the resulting recommendations. However, petitioner failed to complete any substance abuse evaluation. Further, petitioner tested positive on multiple drug screens, stopped appearing for drug screens in May of 2017, and stopped communicating with the DHHR shortly thereafter. She also failed to obtain appropriate housing, despite the DHHR's assistance. Furthermore, petitioner did not complete parenting classes or take advantage of other assistance from the DHHR. The circuit court noted at disposition that petitioner was "not motivated to do anything as far as trying to be [a] parent[ ]." While petitioner blames "economic factors" for her failure to remedy the issues of abuse and neglect, it is clear that she was offered services and assistance at no cost to her, but failed to take advantage of them. Based on this evidence, it is clear that there was no reasonable likelihood that petitioner could correct the conditions of abuse and neglect in the near future, and that termination was in the child's best interests. Therefore, we find no error in the circuit court's termination of petitioner's parental rights.

For the foregoing reasons, we find no error in the decision of the circuit court, and its March 8, 2018, dispositional order is hereby affirmed.

Affirmed.

**ISSUED**: October 12, 2018

**CONCURRED IN BY**:

Chief Justice Margaret L. Workman
Justice Elizabeth D. Walker
Justice Paul T. Farrell sitting by temporary assignment
Justice Tim Armstead
Justice Evan H. Jenkins

Justice Allen H. Loughry II, suspended and therefore not participating

3